UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MARIE EVERS, | No. 2:25-cv-2093 TLN AC PS |
| Plaintiff, | |
| v. | ORDER and |
| YOLINDA JOHNSON, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned for pretrial procedures by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted. Plaintiff also filed a motion for a temporary restraining order. ECF No. 3. For the reasons explained below, the court does not have jurisdiction to hear this case. Accordingly, the undersigned recommends that the motion for a temporary restraining order be denied and that this case be dismissed.

**I. Screening**

A.  Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A
2  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
3  Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will
4  (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
5  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
6  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
7  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
8  1037 (2011).

9       The court applies the same rules of construction in determining whether the complaint
10 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
11 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
12 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
13 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
14 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
15 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
16 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
17 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
18 556 U.S. 662, 678 (2009).

19      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
20 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
21 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
22 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
23 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
24 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
25 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
26 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

27     B.  The Complaint
28      Plaintiff, a citizen of Sacramento, California, brings suit against her neighbor, Yolinda

1  Johnson.  ECF No. 1.  The entirety of plaintiff's claim reads as follows: "Mrs. Yolinda Johnson
2  gets drunk every night and makes threats since we have moved in on May 31, 2025."  Id. at 5.
3  Plaintiff asks for a protective order for herself and for her husband's medical service dog.  Id. at
4  6.  Plaintiff attached a cover sheet for the Superior Court of California.  ECF No. 1-1 at 2.
5  Plaintiff also attached a federal court cover sheet, but she did not check any boxes indicating the
6  nature of the suit or the basis for federal jurisdiction.  ECF No. 1-1 at 1.

      C.  Analysis

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 438, (2019).

It is clear from the contents of plaintiff's complaint that there is no federal jurisdiction.  The complaint fails to satisfy 28 U.S.C. § 1331, because it does not contain a claim arising under a federal law or the United States Constitution, and is not authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  See Baker v. Carr, 369 U.S. 186, 198 (1962).  The complaint fails to satisfy § 1332 because both plaintiff and defendant are citizens of Sacramento, California, and accordingly there is no diversity between the parties.  Without federal jurisdiction, this case cannot proceed in this court and must be dismissed.  Further, because there is no federal court jurisdiction, plaintiff's motion for a temporary restraining order must be denied.

**II. Leave to Amend is Not Appropriate**

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that

leave to amend would be futile and should therefore not be granted.

### III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because there is no federal court jurisdiction. The court is also recommending that your motion for a temporary restraining order be denied. You may object to this recommendation within 21 days, if you wish to do so.

### IV. Conclusion

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED. Additionally, the undersigned RECOMMENDS that plaintiff's motion for a temporary restraining order (ECF No. 3) be DENIED and the complaint (ECF No. 1) be DISMISSED for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE